11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Rogelio
Reyna Medina

Appellant

Vs.                   No. 11-03-00057-CR B Appeal from
Dallas County

State
of Texas

Appellee

 

The trial court convicted appellant, upon his plea of
guilty, of the aggravated sexual assault of a seven-year-old girl.[1]  A plea bargain agreement was not
entered.  The trial court assessed
appellant=s punishment at
confinement for 8 years and a fine of $800. 
We affirm.

Appellant=s court-appointed counsel has filed a
brief in which she states that she has made a diligent search of the record and
that she has been unable to perceive any reversible error.  Counsel reviews the validity of the
indictment, the admonitions given appellant, the validity of appellant=s waiver of his
rights, the validity of appellant=s plea, the sufficiency of the evidence,
and the performance of trial counsel. 
Counsel concludes that the appeal is frivolous and without merit.

Counsel has furnished appellant with a copy of the brief and
advised appellant of his right to review the record and file a pro se
brief.  A pro se brief has been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and
Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).

In his pro se letter brief, appellant argues that he has
always told the truth about this incident and that he admits his guilt.  Appellant explains that the reason he
entered his open plea of guilty was that he was hopeful the trial court would
place him on probation.  He asks that
his sentence be reduced to five years and that he be placed on Ashock
probation.@








Appellant testified at trial that it was around 9:45 p.m.
when he first saw the seven-year-old victim. 
He was aware that there were children in the area at that time of
day.  Appellant offered to buy the
victim a Coke.  Appellant had the victim
follow him to his car while he got the money to buy the Coke.  Once appellant had her in his car, appellant
put his finger inside the victim=s vagina.  Appellant stated that it was Apossible@ that he smelled his finger
afterwards.  Appellant further stated
that this was the first time he had ever thought about doing anything like this
and that he had decided Aspontaneously that day to stick [his]
finger in [the victim=s] vagina.@

The range of punishment for a first degree felony offense of
aggravated sexual assault of a child is confinement for life or a term of not
more than 99 years and not less than 5 years and an optional fine not to exceed
$10,000.  TEX. PENAL CODE ANN. ' 12.32 (Vernon
2003).  The trial court assessed a
punishment not only within the authorized range but also supported by the
record.  Appellant=s arguments in
his letter brief are overruled.

Following the procedures outlined in Anders, we have
independently reviewed the record.  We
agree that the appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

June
18, 2003

Do
not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.











[1]TEX. PENAL CODE ANN. ' 22.021 (Vernon 2003)
defines the offense and declares it to be a first degree felony.